CORRIGAN, J.
(concurring). I join the majority opinion because I agree that third-degree home invasion under MCL 750.110a(4)(a) is a necessarily included lesser offense of the charged offense of first-degree home invasion. As the majority opinion explains, all the elements required for defendant’s conviction of third-degree home invasion are subsumed in the elements of first-degree home invasion.
I write separately only to express continued adherence to my dissenting opinion in People v Nyx, 479 Mich 112, 154-179; 734 NW2d 548 (2007). That is, when the Legislature itself has formally divided an offense into degrees, MCL 768.32(1) permits a fact-finder to convict a defendant of a legislatively denominated inferior degree of the charged offense if a rational view of the evidence supports the conviction. Resort to the Cornell[1] rule of construction for determining whether an offense is inferior is simply unnecessary in this situation.
Nonetheless, because the majority here correctly concludes that the elements of third-degree home invasion under MCL 750.110a(4)(a) are subsumed in the charged offense of first-degree home invasion, thereby requiring reinstatement of defendant’s convictions and sentences, I concur in the majority’s decision.

 People v Cornell, 466 Mich 335; 646 NW2d 127 (2002).