# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

JAHLEEL AMON HOSKINS,

      Defendant-Appellant.

UNPUBLISHED
April 21, 2015

No. 319349
Kent Circuit Court
LC Nos. 13-005609-FC;
          13-005610-FH

Before: METER, P.J., and SAWYER and BOONSTRA, JJ.

PER CURIAM.

Defendant appeals as of right his convictions by a jury in LC No. 13-005609-FC for assault with intent to do great bodily harm (AGBH), MCL 750.84, and in LC No. 13-005610-FH for perjury, MCL 767A.9(1)(b). The lower court cases were consolidated for trial. The trial court sentenced defendant to 25 to 75 years' imprisonment for AGBH as a fourth-offense habitual offender and to 260 months' to 50 years' imprisonment for perjury. We affirm.

Defendant initiated a confrontation with the victim, Kenneth Harris, at a nightclub, and then stabbed the victim with a box cutter outside the club. The victim received treatment for five stab wounds to his chest, arm, and back. In statements under oath to police in connection with an investigative subpoena,[1] defendant denied being at the club on the night in question and denied having any sort of altercation with the victim.

Defendant asserts that he is entitled to a new trial because the trial court declined to instruct the jury on felonious assault as an alternative to the charged AGBH offense. We review legal questions surrounding a claim of instructional error de novo, but we review for an abuse of discretion a trial court's determination that a jury instruction did not apply to the facts of the case. *People v Dupree*, 486 Mich 693, 702; 788 NW2d 399 (2010).

A trial court may instruct the jury on an uncharged offense only if that offense is a necessarily included lesser offense of the charged offense. MCL 768.32(1); *People v Nyx*, 479

---

[1] The investigative subpoena was related to a murder; the parties stipulated to keep the nature of the main focus of the subpoena from the jury.

-1-

Mich 112, 119; 734 NW2d 548 (2007). We compare the elements of each offense to determine whether one offense is a necessarily included lesser offense of another. *Id*. at 117-121. When the elements of the greater offense completely subsume those of the lesser, the latter offense is a necessarily included lesser offense of the former. See *id*. at 118 n 13. In comparing AGBH, MCL 750.84(1), and felonious assault, MCL 750.82(1), it is apparent that the elements of felonious assault are not completely subsumed by AGBH. Felonious assault requires the use of a dangerous weapon while AGBH does not. Felonious assault is not a necessarily included lesser offense of AGBH, and thus defendant was not entitled to a jury instruction on felonious assault. The trial court properly declined to instruct the jury on felonious assault.

Defendant next argues that his 25-year mandatory minimum sentence for AGBH pursuant to the fourth-offense habitual offender statute, MCL 769.12(1)(a), violates the doctrine of separation of powers because the judiciary, according to defendant, should determine the appropriate sentence.

Defendant's issue is moot in light of his concurrent sentence of 50 to 100 years' imprisonment for a plea to second-degree murder in a separate case. Defendant appealed that sentence to the Michigan Supreme Court, which denied leave to appeal on February 3, 2015. *People v Hoskins*, 497 Mich 955; 858 NW2d 425 (2015). Because of defendant's concurrent 50-year sentence in that case, reversal of his sentence in the present case would have no practical legal effect in the case before us, and the issue is therefore moot.[2] See *People v Richmond*, 486 Mich 29, 34; 782 NW2d 187 (2010), amended on rehearing 486 Mich 1041 (2010), amended 784 NW2d 204 (2010) (discussing mootness). Further, defendant has not shown that his separation-of-powers claim presents an exception to the mootness doctrine as an issue "of public significance that is likely to recur, yet evade judicial review." *Id*. (citation and quotation marks omitted). Indeed, any defendant receiving a 25-year mandatory minimum sentence as a fourth-offense habitual offender under MCL 769.12(1)(a) could raise the same separation-of-powers argument. Accordingly, we decline to consider defendant's moot claim.

Affirmed.

/s/ Patrick M. Meter
/s/ David H. Sawyer
/s/ Mark T. Boonstra

---

[2] In his appellate brief, dated April 29, 2014, defendant states, in arguing against mootness, that he "hopes to pursue a sentencing appeal in the [other case]." As noted, the Michigan Supreme Court denied leave to appeal in that case on February 3, 2015.