*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

V

JORDAN DENNIS SEEGARS,

        Defendant-Appellant.

UNPUBLISHED
March 09, 2026
1:55 PM

No. 369966
Wayne Circuit Court
LC No. 21-006676-01-FC

Before: MALDONADO, P.J., and M. J. KELLY and TREBILCOCK, JJ.

PER CURIAM.

Defendant, Jordan Seegars, appeals as of right his jury trial conviction of first-degree criminal sexual conduct (CSC-I), MCL 750.520b(1)(a). Because there are no errors, we affirm.

## I. BASIC FACTS

This case arises out of Seegars' sexual assault of an eight-year-old girl. Seegars, who was friends with the girl's mother, periodically stayed at her house. On the night of December 19, 2019, the girl was sleeping on a couch in the living room when she awakened to discover that her pants and underwear had been pulled down. She testified that Seegars was on his knees, touching her "middle area" with his fingers. He also spit into her middle area. She stated that she pretended to wake up and move around to get him to stop. She then went upstairs and disclosed the assault to her mother and her mother's girlfriend.

The mother's girlfriend rushed downstairs and confronted Seegars, who denied any wrongdoing. The woman's girlfriend did not believe him and physically attacked him. The girl's mother called the police. She then confronted Seegars, ordering him to get out of her house. He left before the police arrived, but he was ultimately arrested for his sexual assault of the girl.

A sexual assault nurse examiner (SANE) performed an examination of the girl. Additionally, the girl's underwear was forensically examined. The forensic evaluation revealed the presence of "acid phosphatase," which indicated a possible presence of semen or seminal fluid. In addition, the girl's underwear, labia minora, labia majora, and anal perianal swabs revealed the possible presence of male DNA. Based upon the forensic testing, it was determined that the DNA

in the girl's underwear was "approximately 3.5 sextillion more likely [to have] originated from [the girl] and [Seegars] than if it originated from [her] and one unrelated unknown contributor." Another section of her underwear was "approximately 510 octillion times more likely [to have] originated from [the girl] and [Seegars] than if it originated from [her] and one unrelated unknown contributor." An expert explained that the results provided "very strong support" that Seegars contributed to the DNA found in the girl's underwear.

Following a jury trial, Seegars was convicted of CSC-I. This appeal follows.

## II. SUFFICIENCY OF THE EVIDENCE

Seegars argues that there is insufficient evidence to establish that he committed CSC-I against the girl. Challenges to the sufficiency of the evidence are reviewed de novo. *People v Ericksen*, 288 Mich App 192, 195; 793 NW2d 120 (2010).

## A. ANALYSIS

Under MCL 750.520b(1)(a), the prosecution must prove that the defendant engaged in "sexual penetration with another person" and that "the other person is under 13 years of age." See also *People v Lockett*, 295 Mich App 165, 187; 814 NW2d 295 (2012). Seegars does not contest the second element, i.e., that the girl was under 13 years of age when the assault occurred. Instead, he argues that there is insufficient evidence of sexual penetration. We disagree.

The term "sexual penetration" is statutorily defined to mean "sexual intercourse, cunnilingus, fellatio, anal intercourse, or any other intrusion, however slight, of any part of a person's body or of any object into the genital or anal openings of another person's body . . . ." MCL 750.520a(r). Here, the girl testified that Seegars used his fingers to touch the outside and the inside of her "middle area." She further stated that during the assault his fingers were "spreading apart" or "opening" her "middle area." She identified her vagina as her "middle area." In light of her testimony that there was touching inside and outside of her vagina, there was sufficient evidence of sexual penetration. The girl's testimony alone is sufficient to sustain the conviction. See MCL 750.520h ("The testimony of a victim need not be corroborated in prosecutions" for CSC-I). However, in this case, her testimony was corroborated by the forensic evidence indicating the presence of male DNA on her labia minora and labia majora, and the forensic evidence that reveal "very strong support" for the conclusion that Seegars was the male contributor to the male DNA in her underwear.

On appeal, Seegars notes weaknesses in the DNA evidence, cites his trial lawyer's argument that there was only touching on the "outside" of the vagina, and indicates and it "made no sense" for him to sexually assault the girl within minutes after the girl's mother and her girlfriend returned to the house. He contends that, as a result, the testimony supporting the conviction is "inherently incredible" and should not be considered. However, "[]in determining whether sufficient evidence exists to sustain a conviction, this Court reviews the evidence in the light most favorable to the prosecution, and considers whether there was sufficient evidence to justify a rational trier of fact in finding guilt beyond a reasonable doubt." *People v Harris*, 495 Mich 120, 126; 845 NW2d 477 (2014). "[A] reviewing court is *required* to draw all reasonable inferences and make credibility choices in support of the jury verdict." *People v Oros*, 502 Mich

229, 239; 917 NW2d 559 (2018) (quotation marks and citation omitted). The girl's testimony was not inherently incredible. And, as noted above, when considering her testimony in the proper light, there is sufficient evidence to sustain Seegar's CSC-I conviction.

## III. JURY INSTRUCTIONS

## A. STANDARD OF REVIEW

Seegars argues that reversal is required because the trial court did not instruct the jury on second-degree criminal sexual conduct, MCL 750.520c. "We review de novo claims of instructional error." *People v Walker*, 504 Mich 267, 276; 934 NW2d 727 (2019) (quotation marks and citation omitted).

## B. ANALYSIS

Seegars contends that CSC-II is a "necessarily lesser included offense of first-degree criminal sexual conduct." In support, he directs this Court to Justice YOUNG's partial dissent in *People v Nyx*, 479 Mich 112, 143-144; 734 NW2d 548 (2007). We are, however, bound to follow the majority opinion in *Nyx*, which expressly held that CSC-II "is not a necessarily included lesser offense of" CSC-I. *Id*. at 118. "Rather, it is a cognate lesser offense." *Id*. The *Nyx* Court then held that "MCL 768.32(1) precludes a judge or a jury from convicting a defendant of a cognate lesser offense even if the crime is divided in degrees." *Id*. at 121. Here, given that Seegars was only charged with CSC-I, it would have been an error for the judge to instruct the jury that it could convict him of CSC-II. The trial court, therefore, did not err by denying Seegar's request for an instruction on CSC-II. And, although Seegars argues on appeal that *Nyx* was wrongly decided, it is a published decision by our Supreme Court. We are therefore bound to follow it. *People v Strickland*, 293 Mich App 393, 402; 810 NW2d 660 (2011). Because our Supreme Court has decided this issue in *Nyx*, this Court is bound to follow it and Seegars is not entitled to relief on this issue.

Affirmed.

/s/ Allie Greenleaf Maldonado
/s/ Michael J. Kelly
/s/ Christopher M. Trebilcock