# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
April 3, 2018

Plaintiff-Appellee,

v

No. 333378
Oakland Circuit Court
LC No. 2015-255461-FH

DARREN ALLEN DUFFINEY,

Defendant-Appellant.

Before: CAMERON, P.J., and SERVITTO and GLEICHER, JJ.

PER CURIAM.

Following a jury trial, defendant was convicted of two counts of third-degree criminal sexual conduct, MCL 750.520d(1)(b) (sexual penetration accomplished by force or coercion). He was sentenced as a second-habitual offender, MCL 769.10, to concurrent prison terms of 111 to 270 months. Defendant appeals as of right. We affirm.

## I. FACTUAL BACKGROUND

The victim and her boyfriend regularly socialized with defendant and his girlfriend, and all of them lived in the same apartment complex. On January 22, 2015, defendant invited the victim to his apartment to meet his toddler daughter. At the time, the victim was dating a man who worked for defendant, and she had agreed to babysit defendant's child. Once inside the apartment, however, defendant told her the "real reason" he invited her over was to discuss his girlfriend's infidelity. As the two smoked marijuana, defendant began crying and the victim hugged defendant to comfort him. She stood to leave, promising to return with her boyfriend and more marijuana. When the victim hugged defendant a second time, he shoved one hand down the back of her pants, holding her tightly, and digitally penetrated her with his other hand. The victim resisted, but defendant dropped to his knees, pulled her pants down, and began performing oral sex. She pushed him away and fled to her apartment.

The following day, the victim told her boyfriend about the assault, but she did not report the offense to the police until nearly three months later. In April 2015, the victim was walking on the sidewalk in the apartment complex when she saw defendant and his girlfriend, both of whom she had been avoiding since the assault, and suffered a panic attack. She then reported the assault to the police, and defendant was tried in January 2016. His first trial resulted in a mistrial because the jury was unable to reach a verdict. Defendant was represented by the same attorney

-1-

at his second trial, in May 2016, which resulted in his convictions. The issue on appeal is whether defendant was denied the effective assistance of counsel.

## II. STANDARD OF REVIEW

Whether a defendant has been denied the effective assistance of counsel is a mixed question of law and fact. *People v Matuszak*, 263 Mich App 42, 48; 687 NW2d 342 (2004) (citation omitted). "The trial court's factual findings are reviewed for clear error, while its constitutional determinations are reviewed de novo." *Id*. Because an evidentiary hearing was not conducted in the trial court and this Court denied defendant's motion for remand,[1] our review is limited to errors apparent in the record. *People v Petri*, 279 Mich App 407, 410; 760 NW2d 882 (2008).

## III. INEFFECTIVE ASSISTANCE OF COUNSEL

"Effective assistance of counsel is presumed, and the defendant bears a heavy burden of proving otherwise." *People v Eisen*, 296 Mich App 326, 329; 820 NW2d 229 (2012) (quotation marks and citation omitted). To demonstrate ineffective assistance of counsel, a defendant must show that his or her attorney's performance fell below an objective standard of reasonableness and that this performance caused him prejudice. *People v Armstrong,* 490 Mich 281, 289-290; 806 NW2d 676 (2011). To demonstrate prejudice, a defendant must prove that, but for counsel's errors, a different result would have been reasonably probable. *Id*. To do so, defendant must overcome the strong presumption that defense counsel employed effective trial strategy. *People v Payne*, 285 Mich App 181, 190; 774 NW2d 714 (2009). This Court "will not substitute our judgment for that of counsel on matters of trial strategy, nor will we use the benefit of hindsight when assessing counsel's competence," *People v Unger*, 278 Mich App 210, 242-243; 749 NW2d 272 (2008).

Defendant argues that defense counsel was generally deficient, and claims three errors at trial that denied him the effective assistance of counsel: (1) defense counsel inappropriately introduced evidence that the victim delayed reporting the incident to the police because she was afraid of defendant, and she feared retaliation because defendant was her boyfriend's boss; (2) defense counsel attempted to introduce to the jury the DVD of defendant's interrogation, which would have revealed to the jury that defendant had a prior criminal sexual conduct conviction; and (3) defense counsel failed to request a jury instruction on the lesser offense of fourth-degree criminal sexual conduct, MCL 750.520e.[2] All of the alleged errors fall under the purview of trial strategy and this court will not second guess strategic decisions on the part of defense counsel.

---

[1] *People v Duffiney*, unpublished order of the Court of Appeals, entered March 1, 2017 (Docket No. 333378). We decline to reconsider defendant's request for a remand to the trial court.

[2] Although defendant also alleges that defense counsel improperly moved for a directed verdict after the close of trial, defendant provides no support for this argument; therefore, he has abandoned the issue. *People v Kevorkian*, 248 Mich App 373, 389; 639 NW2d 291 (2001). This

A.  EVIDENCE OF THE VICTIM'S RATIONALE FOR HER DELAYED REPORTING

Defendant first alleges that defense counsel was ineffective for introducing evidence that the victim was scared that defendant, her boyfriend's boss, might use the assault to retaliate against him at work.  We disagree.

The record shows that it was the prosecutor, not defense counsel, who introduced that evidence on direct examination of the victim.  In response to questions from the prosecutor regarding why she did not immediately report the assault to the police, complainant testified she "was completely overwhelmed and cared [sic], and just taken aback" and that she "had no control over anything in [her] life at that time."  She further testified that she only decided to report the assault after seeing defendant and "his wife pull out of the street and come toward me, and we made eye contact, and I had a panic attack, because I was all alone, and there was nothing there to protect me, and anything could have happened."

After the introduction of this evidence, defense counsel made a tactical decision to use the victim's testimony and other evidence to further the primary defense theory that she was not credible.  On cross-examination, defense counsel attempted to discredit the victim's claim that she was scared of defendant.  He elicited testimony from the victim that she had taken a semester-long self-defense class sometime prior to the assault, and that, after learning during the first trial that her boyfriend had cheated on her, she "beat him up."  Defense counsel even admitted into evidence eight photographs of the resulting injuries to demonstrate her strength and scrappiness.  But he also got her to state that she was too weak to fend off defendant because she suffered from muscular dystrophy, a "debilitating disease."  Defense counsel highlighted this obvious contradiction in an attempt to discredit her, arguing that, although she did not hesitate to beat up her boyfriend, who was much larger than defendant, she was somehow scared of defendant and unable to fend him off.

Defendant has not overcome the strong presumption that defense counsel employed sound trial strategy in this instance.  Trial counsel has wide discretion regarding matters of trial strategy.  *People v Heft*, 299 Mich App 69, 83; 829 NW2d 266 (2012).  Decisions about defense strategy, including what arguments to make, what evidence to present, and how to impeach witnesses are matters of trial strategy, *People v Rockey*, 237 Mich App 74, 76; 601 NW2d 887 (1999), and "this Court will not second-guess defense counsel's judgment on matters of trial strategy," *People v Benton*, 294 Mich App 191, 203; 817 NW2d 599 (2011).  Although defense counsel's argument was not successful, nothing in the record suggests that his presentation of the defense was unreasonable or prejudicial.  "The fact that defense counsel's strategy may not have worked does not constitute ineffective assistance of counsel." *People v Stewart (On Remand)*, 219 Mich App 38, 42; 555 NW2d 715 (1996).  Consequently, defendant cannot establish a claim of ineffective assistance of counsel on this basis.

---

Court will not rationalize the basis for his claim.  *People v Payne*, 285 Mich App 181, 195; 774 NW2d 714 (2009).

## B. ATTEMPTED INTRODUCTION OF DEFENDANT'S PRIOR SEXUAL ASSAULT CONVICTION

Defendant next alleges that defense counsel was ineffective for attempting to introduce the video recording of defendant's police interview, which would have disclosed his prior sexual assault conviction. We disagree.

The evidence was never admitted at trial and the jury did not learn of defendant's prior sexual assault conviction. Therefore, this "attempt" was inconsequential to the outcome of the trial, and defendant cannot demonstrate prejudice. *Armstrong,* 490 Mich at 289-290. Moreover, defendant mischaracterizes defense counsel's request. Defendant claims that his counsel attempted to admit the police interview in its entirety, including his past conviction for sexual assault, the introduction of which may have prejudiced the jury. However, defense counsel wanted to admit only the portion of the police interview in which defendant agreed to a buccal swab, presumably to bolster defendant's credibility and portray him as agreeable rather than suspicious. This Court will not second-guess defense counsel's trial strategy.

## C. FAILURE TO REQUEST A FOURTH-DEGREE CRIMINAL SEXUAL CONDUCT JURY INSTRUCTION

Defendant next alleges that defense counsel was ineffective for failing to request a jury instruction on fourth-degree criminal sexual conduct. Defendant claims that, had the jury been allowed to consider the less serious charge, it is likely that he would have been convicted of that crime rather than third-degree criminal sexual conduct. We disagree.

Whether an offense is a necessarily included lesser offense is a question of law that is subject to de novo review. *People v Wilder*, 485 Mich 35, 40; 780 NW2d 265 (2010). A trial court's authority to instruct the jury on lesser included offenses is governed by MCL 768.32(1), which provides:

> Except as provided in subsection (2), upon an indictment for an offense, consisting of different degrees, as prescribed in this chapter, the jury, or the judge in a trial without a jury, may find the accused not guilty of the offense in the degree charged in the indictment and may find the accused person guilty of a degree of that offense inferior to that charged in the indictment, or of an attempt to commit that offense.

There are two forms of inferior offenses: necessarily included lesser offenses and cognate lesser offenses. "A necessarily included lesser offense is an offense in which all its elements are included in the elements of the greater offense such that it would be impossible to commit the greater offense without first having committed the lesser offense," while "[a] cognate lesser offense shares several of the same elements and same class or category as the greater offense but contains some elements distinct from the greater offense." *People v Apgar*, 264 Mich App 321, 326; 690 NW2d 312 (2004). A trial court must instruct the jury regarding the law applicable to the case. *People v Cornell*, 466 Mich 335, 341; 646 NW2d 127 (2002); see also MCL 768.29. However, a defendant is only entitled to a lesser offense instruction if that lesser offense is

necessarily included in the greater offense, i.e., if it is "impossible to commit the greater offense without first committing the lesser offense." *Id*. at 361.

Defendant was charged with two counts of third-degree criminal sexual conduct, which requires "sexual penetration" in addition to one of the enumerated statutory circumstances; here, "force or coercion." MCL 750.520d(1). Sexual penetration is defined as "sexual intercourse, cunnilingus, fellatio, anal intercourse, or any other intrusion, however slight, of any part of a person's body. . . ." MCL 750.520a(r). Fourth-degree criminal sexual conduct requires "sexual contact" in addition to one of the enumerated statutory circumstances. MCL 750.520e(1). Sexual contact is defined as "the intentional touching of the victim's or actor's intimate parts or the intentional touching of the clothing covering the immediate area of the victim's or actor's intimate parts, if that intentional touching can reasonably be construed as being for the purpose of sexual arousal or gratification, done for a sexual purpose, or in a sexual manner. . . ." MCL 750.520a(q). "Sexual contact" explicitly requires an intent that "sexual penetration" does not, and therefore, fourth-degree criminal sexual conduct is a cognate lesser offense of third-degree criminal sexual conduct. See also *People v Nyx*, 479 Mich 112, 138; 734 NW2d 548 (2007) (stating that fourth-degree criminal sexual conduct is a cognate lesser offense of third-degree criminal sexual conduct because of added intent element). Accordingly, there is no requirement that the prosecutor prove that a person have any particularized criminal intent to secure a conviction for third-degree criminal sexual conduct, and the trial court did not have to instruct the jury on fourth-degree criminal sexual conduct because it is not a lesser included offense. Defense counsel cannot be considered ineffective for failing to present a meritless argument. *People v Ericksen*, 288 Mich App 192, 201; 793 NW2d 120 (2010).

Affirmed.

/s/ Thomas C. Cameron
/s/ Deborah A. Servitto