### YOUNGBLOOD *v.* JACKSON COUNTY

1. CONSTITUTIONAL LAW—COUNTIES—IMPLIED POWERS.
    The Michigan Constitution and law concerning counties shall be liberally construed in the counties' favor and powers granted to counties by the constitution and by law shall include those fairly implied and not prohibited by the constitution (Const 1963, art 7, § 34).

2. ANIMALS — DOGS — LICENSING — DEPOSITION — COUNTY'S POWER —STATUTES.
    The ultimate enforcement of the licensing provisions of the dog law lies with the county, but the county's authority to kill

REFERENCES FOR POINTS IN HEADNOTES
[1] 14 Am Jur, Counties § 5.  See 20 Am Jur 2d, Supp.
[2–4] 4 Am Jur 2d, Animals § 24.
   Constitutionality of "dog laws." 49 ALR 847.
[3, 4] 4 Am Jur 2d, Animals § 43 *et seq.*

unlicensed dogs must be exercised with some judgment; an element of that judgment is holding a dog for a period of time after obtaining it before disposing of it (MCLA §§ 287.261 *et seq.*; 287.381 *et seq.*).

3. ANIMALS—DOGS—DOG POUND—COUNTY'S AUTHORITY—STATUTES.
The authority for a county to operate a dog pound is implied in the obligation placed upon the county by the dog law to hold a dog for a period of time after obtaining it before disposing of it (MCLA § 287.261 *et seq.*).

4. COUNTIES—DOGS—SALE—RESEARCH—AUTHORITY.
A county selling unlicensed, unclaimed dogs to a research facility but holding licensed, unclaimed dogs for their owners was within its authority where, because of implied powers in the dog law, the county had the authority to operate a pound (MCLA § 287.389; Const 1963, art 7, § 34).

Appeal from Jackson, John C. Dalton, J. Submitted Division 2 November 9, 1970, at Lansing. (Docket Nos. 9,280, 9,316.) Decided December 2, 1970. Leave to appeal denied February 22, 1971. 384 Mich 810.

Complaint by Audrey M. Youngblood against Jackson County to restrain the furnishing of impounded dogs to the University of Michigan for experimental purposes. Temporary restraining order issued. Attorney General intervened as a third-party plaintiff and filed a complaint in *quo warranto* to test county's authority. Board of Regents of the University of Michigan intervened as a third-party defendant. Temporary restraining order was dissolved and actions were dismissed. Plaintiff and third-party plaintiff appeal. Affirmed.

*Kelly, Kelly & Kelly* for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Maxine Boord Virtue* and *Milton I. Firestone,* Assistant Attorneys General, for third-party plaintiff.

*Bruce A. Barton,* Prosecuting Attorney, for defendant Jackson County.

*Domke, Marcoux, Allen & Beaman,* for third-party defendant Board of Regents of the University of Michigan.

Before: QUINN, P. J., and DANHOF and CARROLL,* JJ.

QUINN, P. J.   April 11, 1969, plaintiff filed this action to restrain the county from giving or selling dogs impounded by the county to the University of Michigan for experimental purposes on the theory that the county had no authority to do so.   On the filing of the complaint, a temporary restraining order issued restraining Jackson County from giving or selling dogs impounded by the county to the University of Michigan.   The Attorney General intervened as third-party plaintiff and filed a complaint in *quo warranto* to test the county's questioned authority.   Later, the Board of Regents of the University of Michigan was authorized to intervene as a third-party defendant.   At the conclusion of the proceedings in the trial court and on March 26, 1970, the temporary restraining order was dissolved, the actions were dismissed, and plaintiff and third-party plaintiff appeal.

During the pendency of these actions, PA 1969, No 224, MCLA 1970 Cum Supp § 287.381 *et seq.* (Stat Ann 1970 Cum Supp § 12.580[21] *et seq.*) became the law effective March 20, 1970.   MCLA 1970 Cum Supp §§ 287.388, 287.389, and 287.394 are pertinent to present decision.   They read:

---

* Circuit judge, sitting on the Court of Appeals by assignment.

"Neither a dealer nor a county, city, village or township operating a dog pound or animal shelter shall sell or otherwise dispose of any dog or cat within a period of five business days after the acquisition of such animal.

"Dogs and cats shall not be offered for sale or sold to a research facility at public auction or by weight; or purchased by a research facility at public auction or by weight. A research facility shall not purchase any dogs or cats except from a licensed dealer, public dog pound, humane society, or from a person who breeds or raises dogs or cats for sale. Any county, city, village or township operating a dog pound or animal shelter may sell for an amount not to exceed $10 per animal or otherwise dispose of unclaimed or unwanted dogs and cats to a Michigan research facility.

"The provisions of this act shall be in addition to and not in contravention of the provisions of Act No 339 of the Public Acts of 1919, as amended, being §§ 287.261 to 287.290 of the Compiled Laws of 1948".[1]

On the basis of PA 1969, No 224, the trial court held that the county had authority to sell impounded and unlicensed dogs to the University of Michigan and that the questions raised by these actions were moot.

If Jackson County has authority to operate a dog pound, the trial court was correct in holding that PA 1969, No 224 authorized the sale of impounded and unlicensed dogs to the University of Michigan by the county.

At the outset, we disagree with the view of plaintiff and third-party plaintiff that counties have only those powers which have been conferred on them by constitution and statutes insofar as that view implies that such powers are limited to *express* powers.

---

[1] See also PA 1969, No 287, MCLA 1970 Cum Supp § 287.331 *et seq.* (Stat Ann 1970 Cum Supp § 12.481[101] *et seq.*).

Our disagreement arises from Const 1963, art 7, § 34, which provides that the constitution and law concerning counties shall be liberally construed in their favor and that powers granted to counties by the constitution and by law shall include those fairly implied and not prohibited by the constitution.

It is apparent from the language employed in MCLA 1970 Cum Supp § 287.394, *supra,* that the provisions of PA 1969, No 224, must be read in context with MCLA § 287.261 *et seq.* (Stat Ann 1967 Rev § 12.511 *et seq.*), which is generally referred to as "the dog law". The ultimate enforcement of the licensing provisions of the dog law lies with the county, MCLA 1970 Cum Supp § 287.277 (Stat Ann 1970 Cum Supp § 12.527), but the authority to kill unlicensed dogs must be exercised with some judgment, *Finley* v. *Barker* (1922), 219 Mich 442. An element of that judgment is holding a dog for a period after obtaining it before disposing of it. This requires a place for confinement, namely: a pound. The authority to operate a pound may fairly be implied from the obligation placed on the county by the dog law.

There is no testimonial record in this case but unrefuted factual allegations in defendant's pleadings indicate that unclaimed, unlicensed dogs found running at large are disposed of but licensed stray dogs are held for the owners. This conduct we find to be in compliance with the county's statutory obligation as interpreted by *Finley, supra.* Both courses of action require a place for confining dogs pending their disposition.

This conclusion obviates discussion of the validity of the county's dog ordinance.

Affirmed without costs, a public question being involved.

All concurred.