PEOPLE v HALL (ON REMAND)

Docket No. 223182. Submitted November 19, 2002, at Lansing. Decided
May 29, 2003, at 9:10 A.M. Leave to appeal sought.

Chavez D. Hall was convicted by a jury in the Calhoun Circuit Court,
James C. Kingsley, J., of first-degree felony murder, arson of real
property, assault with intent to rob while armed, and first-degree
criminal sexual conduct. The defendant appealed, alleging that his
statement to the police was not voluntary, that the trial court erred
in failing to instruct the jury on the crime of second-degree murder,
and that his convictions of felony murder and assault with intent to
rob while armed violated double-jeopardy principles. The Court of
Appeals, NEFF, P.J., and DOCTOROFF and WILDER, JJ., affirmed in part,
holding that there was no double-jeopardy violation and that the
trial court did not clearly err in ruling that the defendant's state-
ment was voluntary. The Court of Appeals reversed the conviction
of first-degree felony murder and remanded the matter to the trial
court for entry of a conviction of second-degree murder and resen-
tencing. The Court of Appeals noted that, although defense counsel
had agreed that the jury should not be instructed on second-degree
murder, reversal of the conviction of first-degree murder was
required by the holding in *People v Jenkins*, 395 Mich 440 (1975).
249 Mich App 262 (2002). The Supreme Court denied the defen-
dant's application for leave to appeal and, in response to the pros-
ecution's application for leave to appeal, remanded the matter to
the Court of Appeals for reconsideration in light of *People v Cor-
nell*, 466 Mich 335 (2002). 467 Mich 888 (2002).

On remand, the Court of Appeals *held*:

*Cornell* holds that a requested instruction on a necessarily
included lesser offense is proper if the charged greater offense
requires the jury to find a disputed factual element that is not part
of the lesser included offense and a rational view of the evidence
would support it. The *Cornell* Court overruled *Jenkins* to the
extent that it required the trial court to always instruct the jury on
the necessarily included lesser offense of second-degree murder,
even when the instruction is not requested or is objected to. The
trial court is no longer automatically required to provide the
instruction when it is unsupported by the evidence. A harmless-

error analysis applies where a trial court erroneously refuses a requested instruction on a necessarily included lesser offense. Here, the trial court was not automatically required to give a second-degree murder instruction and did not err in failing to do so. Because the defendant waived his right to have the jury instructed on second-degree murder, no error occurred.

Affirmed.

*Michael A. Cox*, Attorney General, *Thomas L. Casey*, Solicitor General, *Susan K. Mladenoff*, Prosecuting Attorney, and *Jennifer Kay Clark*, Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *P. E. Bennett*) for the defendant on appeal.

ON REMAND

Before: NEFF, P.J., and MURPHY and WILDER, JJ.

WILDER, J. This case is before this Court on remand from our Supreme Court "for reconsideration in light of" *People v Cornell*, 466 Mich 335; 646 NW2d 127 (2002). 467 Mich 888 (2002). On reconsideration, we affirm.

I. FACTS AND PROCEEDINGS

Defendant appealed as of right his jury-trial convictions of first-degree felony murder, MCL 750.316; arson of real property, MCL 750.73; assault with intent to rob while armed, MCL 750.89; and first-degree criminal sexual conduct (CSC), MCL 750.520b(1)(c). In his appeal, defendant asserted that his statement to the police was coerced and was not voluntary, that the trial court erred in failing to instruct the jury on the crime of second-degree mur-

der, and that his convictions of felony murder and assault with intent to rob while armed constituted a violation of double jeopardy, US Const, Am V; Const 1963, art 1, § 15.

We affirmed in part, determining that the trial court did not clearly err in ruling that defendant's statement was voluntary and that double jeopardy did not impede defendant's convictions of both felony murder and assault with intent to rob while armed. *People v Hall*, 249 Mich App 262, 269, 272-273; 643 NW2d 253 (2002). In addition, we reversed defendant's conviction of first-degree felony murder and remanded to the trial court for entry of a conviction of second-degree murder and resentencing on that conviction. In our previous opinion, we noted that defense counsel had agreed that the jury should not be instructed on the lesser included offense of second-degree murder and, thus, appeared to waive any error by the trial court's "failure" in this regard. *Id.* at 270-271, citing *People v Carter*, 462 Mich 206, 215-218; 612 NW2d 144 (2000). We concluded that despite this apparent waiver, nevertheless, we were bound by *People v Jenkins*, 395 Mich 440; 236 NW2d 503 (1975), under which the trial court's failure to instruct the jury on second-degree murder *required* reversal of defendant's first-degree murder conviction. *Hall, supra* at 271-272. We also invited the Supreme Court to consider the viability of *Jenkins* under these facts. *Id.* at 271-272. Both parties sought leave to appeal, and the Supreme Court denied defendant's application and remanded the case for reconsideration in response to the prosecutor's application.

## II. ANALYSIS

In *Cornell, supra* at 357, the Supreme Court held that "a requested instruction on a necessarily included lesser offense is proper if the charged greater offense requires the jury to find a disputed factual element that is not part of the lesser included offense and a rational view of the evidence would support it." The *Cornell* Court overruled *Jenkins* to the extent that it conflicts with this holding. *Id.* at 358. Specifically, while *Jenkins* required the trial court to *always* instruct the jury on the necessarily included lesser offense of second-degree murder, even when this instruction is not requested or is objected to, the trial court is no longer automatically required to provide an instruction on second-degree murder when it is unsupported by the evidence, consistent with the truth-seeking function of a trial as expressed in MCL 768.29. *Cornell, supra* at 357-358 & n 13. The Court also concluded that where a trial court erroneously refuses to give a requested instruction on a necessarily included lesser offense, a harmless-error analysis applies to the instructional error. *Id.* at 362-363.

Applying *Cornell* to the facts of this case, because the trial court was not automatically required to instruct the jury on second-degree murder, we find no error in the trial court's failure to do so. At the close of the prosecution's case, defendant moved for a directed verdict with regard to all counts. The trial court granted defendant's motion for a directed verdict on the open-murder count, and after doing so, acknowledged sua sponte that, on the basis of the evidence, it was possible for the prosecution to argue

that defendant created a condition that had a very high probability of resulting in death or great bodily harm, i.e., the burning of the building, thus supporting an instruction to the jury on the crime of second-degree murder. However, the trial court inquired of counsel whether, when the open-murder charge had been dismissed, it was appropriate to instruct the jury on second-degree murder. The prosecution suggested that the trial court should not instruct the jury on second-degree murder, and the trial court agreed that this was the better course of action. Defendant also expressly agreed with this approach, suggesting that the prosecution should not be permitted to present both a premeditated-murder theory and a felony-murder theory to the jury.[1]

---

[1] Although defendant asserts on appeal that defense counsel *did not object* to the trial court's failure to instruct on second-degree murder, we conclude from the record that defense counsel *affirmatively agreed* with this decision. Because this is a critical distinction that is important to our analysis, we quote the relevant discussion from the transcript of the proceedings:

> *The Court*: . . . Now I don't know—and this frankly I've never been confronted with before—if there is clearly insufficient evidence to instruct on first degree murder. When the charge is open murder can I and should I instruct on second degree murder only for Count 1?
>
> *Mr. Wallace [the assistant prosecutor]*: I guess, your Honor, from the People's perspective, I would say yes you can. But we would be willing to say that you should not at all.
>
> *The Court*: I think that's the better course of action, Mr. Wallace, I really do. What's your thought, Mr. Eagan, to the contrary?
>
> *Mr. Eagan [defense counsel]*: No, your Honor. I agree that it's—I think the elements are the same and that at some point there has to be a selection or an election by the [p]rosecution under which theory they're gonna [sic] go to the jury.

It is apparent from the transcript of the proceedings that defense counsel, perhaps as a matter of strategy, agreed that the trial court should not instruct the jury on the crime of second-degree murder.

As the Supreme Court noted in *Carter, supra* at 214-215:

> The rule that issues for appeal must be preserved in the record by notation of objection is a sound one. *People v Carines,* 460 Mich 750, 762-765; 597 NW2d 130 (1999). Counsel may not harbor error as an appellate parachute. *People v Pollick,* 448 Mich 376, 387; 531 NW2d 159 (1995), quoting *People v Hardin,* 421 Mich 296, 322-323; 365 NW2d 101 (1984). "Deviation from a legal rule is 'error' unless the rule has been waived." *United States v Olano,* 507 US 725, 732-733; 113 S Ct 1770; 123 L Ed 2d 508 (1993).
>
>     \*     \*     \*
>
> Waiver has been defined as "the 'intentional relinquishment or abandonment of a known right.'" *Carines, supra* at 762 n 7, quoting *Olano, supra* at 733. It differs from forfeiture, which has been explained as "the failure to make the timely assertion of a right." *Id.* "One who waives his rights under a rule may not then seek appellate review of a claimed deprivation of those rights, for his waiver has extinguished any error." *United States v Griffin,* 84 F3d 912, 924 (CA 7, 1996), citing *Olano, supra* at 733-734.

Here, it is clear that defendant waived any right he might have had to have the jury instructed on second-degree murder. Because defendant waived this right, there is no error to review. *Carter, supra* at 219; *People v Riley,* 465 Mich 442, 449; 636 NW2d 514 (2001); *People v Tate,* 244 Mich App 553, 559; 624 NW2d 524 (2001).

Affirmed.