*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

ROBERT ARTHUR JOHNSON, JR.,

        Defendant-Appellant.

UNPUBLISHED
January 28, 2020

No. 343882
Ontonagon Circuit Court
LC No. 2017-000069-FH

Before: O'BRIEN, P.J., and RONAYNE KRAUSE and GADOLA, JJ.

PER CURIAM.

Defendant appeals as of right his convictions by a jury of one count of resisting or obstructing a police officer, MCL 750.81d(1), and one count of allowing a dog to stray off-leash, MCL 287.262. Defendant was sentenced to 12 months in jail for the resisting or obstructing a police officer charge and three months in jail for the stray-dog charge. We affirm.

## I. PERTINENT FACTS

This case arose out of an incident on August 31, 2017, involving a stray dog. On August 31, 2017, Deputy Emily Rady, of the Ontonagon County Sheriff's Department, was dispatched to a local clinic following two separate incidents involving a dog at large. Following her review of surveillance video and interviews with clinic staff, Rady searched for the dog and found the dog on defendant's front porch. When Rady inquired about the dog's ownership, defendant responded that "the dog is a free spirit, and you can't own a spirit." Rady explained to defendant that if the dog was not owned and was not registered, it would be considered a stray and would be taken to the local animal shelter. Defendant told Rady, "Go ahead. Take it."

However, as Rady was leading the dog back to her vehicle, defendant instructed his children to get the dog, but Rady explained to them that she needed to take the dog for a ride. Defendant also attempted to call the dog into the house. However, Rady had picked the dog up in her arms, so defendant attempted to physically remove the dog from Rady's arms. The exact nature of defendant's actions is disputed, but some witnesses testified that defendant swung his arms at Rady, and it is not disputed that defendant physically touched the dog. In any event, defendant's conduct caused the dog to jump away. Rady pulled out her Taser, but she did not

-1-

actually deploy it; eventually, she took defendant into custody for assaulting or resisting an officer. Thereafter, while Rady waited for defendant's wife to arrive home to watch the children, defendant yelled and kicked at the windows inside the patrol vehicle.

Defendant chose to represent himself at trial; however, he was appointed standby counsel. During a two-day trial, several witnesses testified concerning these events. The gravamen of defendant's theory of the case was that Rady had acted unlawfully by entering his property and attempting to take the dog, so he was entitled to resist Rady's allegedly unlawful conduct. Following the prosecution's case-in-chief, defendant moved for a directed verdict, arguing that the witness testimony was inconsistent and that Rady was not acting lawfully within her duties at the time of the incident. The trial court denied defendant's motion, and the jury ultimately found defendant guilty of both resisting or obstructing a police officer and allowing a dog to stray off-leash.

## II. JURY INSTRUCTIONS

Defendant argues that he is entitled to a new trial because the jury was not properly instructed on the elements of the crimes of which he was convicted. We disagree.

### A. STANDARD OF REVIEW

A trial judge must instruct the jury as to the applicable law. *People v McGhee*, 268 Mich App 600, 606; 709 NW2d 595 (2005). A trial court may give additional instructions on the applicable law not covered by the model instructions as it deems necessary so long as the instructions are "concise, understandable, conversational, unslanted, and nonargumentative." MCR 2.512(D)(4). Jury instructions are to be read as a whole rather than extracted piecemeal to establish error. *People v Kowalski*, 489 Mich 488, 501; 803 NW2d 200 (2011). The instructions must include all of the elements of the crime charged and any material issues, defenses, and theories for which there is evidence in support. *McGhee*, 268 Mich App at 606. No error results from the omission of an instruction if the instructions as a whole covered the substance of the omitted instruction. *People v Kurr*, 253 Mich App 317, 327; 654 NW2d 651 (2002). Furthermore, failure to object to jury instructions limits our review to plain error affecting substantial rights. MCL 768.29; *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). An explicit approval of an instruction constitutes waiver, *Kowalski*, 489 Mich at 503, and a defendant who waives an instructional issue cannot obtain appellate review. *People v Hall* (*On Remand*), 256 Mich App 674, 679; 671 NW2d 545 (2003).

### B. RESISTING AND OBSTRUCTING

The elements of resisting or obstructing a police officer require the prosecution to prove: "(1) the defendant assaulted, battered, wounded, resisted, obstructed, opposed, or endangered a police officer, and (2) the defendant knew or had reason to know that the person that the defendant assaulted, battered, wounded, resisted, obstructed, opposed, or endangered was a police officer performing his or her duties." *People v Vandenberg*, 307 Mich App 57, 68; 859 NW2d 229 (2014) (quotation marks and citation omitted). In addition, the prosecution must also show that "the officers' actions were lawful." *Id*. at 68 (quotation omitted). Because the lawfulness of the officer's actions is an element of the offense, that lawfulness must be presented

as a factual question for the jury. *Id*. at 68-69; see also *People v Moreno*, 491 Mich 38; 814 NW2d 624 (2012). Defendant argues that the jury was not properly instructed regarding the lawfulness of Rady's actions, because the jury was not specifically instructed that Rady allegedly lacked legal authority to seize defendant's dog.

Initially, defendant waived this issue by stipulating[1] that the jury should be instructed that Rady must have been "acting lawfully in the performance of her duties at the time of the charged crime." Expressing affirmative approval of an instruction constitutes a waiver. *Kowalski*, 489 Mich at 503. Furthermore, the trial court unambiguously did instruct the jury that it had to find beyond a reasonable doubt that Rady was acting lawfully before they could find that defendant obstructed a police officer. The jury instructions completely and correctly instructed the jury as to all elements of resisting or obstructing a police officer.

Defendant apparently contends that the above instructions were insufficient because the jury was not instructed that Rady was acting illegally. Defendant argues that the Dog Law of 1919, 287.261 *et seq*., does not authorize law enforcement officers to remove dogs from their owners.[2] We disagree.

Pursuant to MCL 287.308, it is illegal for a person to take a *registered* dog without lawful authority, and it is illegal for a person to harbor "any stray dog of which he is not the owner" for more than 48 hours without reporting the dog to the sheriff or police department. Pursuant to MCL 287.262, it is unlawful for the owner of a dog to permit the dog to stray, and it is unlawful to own a dog aged 6 months or older without licensing the dog. Pursuant to MCL 287.277, "[a] dog required to be licensed under this act that is unlicensed is a public nuisance." Furthermore, violation of the dog law is a misdemeanor. MCL 287.286. Defendant is simply misplaced in arguing that the dog law does not explicitly state, in literally so many words, that an officer is authorized to seize an unlicensed or unleashed dog. The dog law grants counties the authority to enforce its provisions, and counties are therefore implicitly granted by Const 1963, art 7, § 34 the necessary power to carry out that enforcement. *Youngblood v Jackson Co*, 28 Mich App 361, 364-365; 184 NW2d 290 (1970).[3] We are aware of no dispute that the dog was older than 6

---

[1] At the time of defendant's trial, M Crim JI 13.1 had not yet been amended to specifically require the jury to be instructed that the officer was acting lawfully.

[2] We question whether defendant may challenge the seizure of the dog in light of his statement that the dog had no owner and Rady's inability to formally establish defendant's ownership of the dog at the scene. However, because it does not appear that Rady ever seriously doubted that defendant did own the dog, we will presume for purposes of resolving this appeal that defendant may challenge the legality of Rady's seizure of the dog.

[3] Because *Youngblood* was decided before November 1, 1990, it is not binding on us pursuant to the "first-out rule." MCR 7.215(J)(1). However, as a published opinion, it "has precedential effect under the rule of stare decisis." MCR 7.215(C)(2).

months and was not licensed. Investigating a possible misdemeanor and abating a public nuisance are both generally within law enforcement officers' powers.[4]

Defendant is incorrect in asserting that it was unlawful for Rady to investigate a complaint of a menacing stray dog and seize a dog that was either unlicensed, unowned, or both. Even if defendant had not waived any claim of instructional error, he would not have been entitled to an instruction that Rady was acting unlawfully. A defendant

> is not entitled of right to put an argument into the instructions; that must be left to counsel. Neither is he entitled of right to have from the judge any comment upon the evidence, or any pointing out of the weak points in the case of the State, so far as they involve questions of fact and not of law. All that can be demanded is, correct instructions on the legal points and no incorrect or unfair comments upon or presentation of the evidence. [*People v Crawford*, 48 Mich 498, 501; 12 NW 673 (1882).

Thus, defendant would not have been entitled to a jury instruction regarding a theory unsupported by the law or by the evidence. See *People v Rodriguez*, 463 Mich 466, 472-473; 620 NW2d 13 (2000).[5]

## C. STRAY DOG

Defendant also argues that the jury should have received additional instructions regarding a *mens rea* for the stray-dog offense. Defendant does not propose any specific instructional language. Rather, he argues that by inference from the dangerous animals act, MCL 287.321 *et seq.*, the stray dog statute should not be construed as a strict-liability offense. See *People v Janes*, 302 Mich App 34, 43-52; 836 NW2d 883 (2013) (holding that although MCL 287.323 lacked specific language setting forth a *mens rea* requirement, the Legislature implicitly required notice that an animal was dangerous before the animal's owner could be held criminally liable for harm caused by the animal). We agree in part, but we disagree with defendant's conclusion.

MCL 287.262 states in full:

> It shall be unlawful for any person to own any dog 6 months old or over, unless the dog is licensed as hereinafter provided, or to own any dog 6 months old or over that does not at all times wear a collar with a tag approved by the director of agriculture, attached as hereinafter provided, except when engaged in lawful

---

[4] Additionally, Rady testified that she intended to transport the dog to the local shelter because its owner could not be determined. An animal control shelter is the place "for the impoundment and care of animals that are found in the streets or at large, [or] animals that are otherwise held due to the violation of a municipal ordinance or state law." MCL 287.331(f).

[5] Defendant was permitted to argue to the jury during closing argument that he had a common-law right to resist an unlawful act and that Rady had no lawful reason or authority to be on his property.

hunting accompanied by its owner or custodian; or for any owner of any female dog to *permit* the female dog to go beyond the premises of such owner when she is in heat, unless the female dog is held properly in leash; or for any person except the owner or authorized agent, to remove any license tag from a dog; or for any owner to *allow* any dog, except working dogs such as leader dogs, guard dogs, farm dogs, hunting dogs, and other such dogs, when accompanied by their owner or his authorized agent, while actively engaged in activities for which such dogs are trained, to stray unless held properly in leash. [Emphases added.]

We agree that the words "permit" and "allow" in the statute suggest that the Legislature did not intend to punish conduct that was involuntary or otherwise beyond a person's ability to control. Thus, MCL 287.262 is indeed not a true strict-liability offense. However, those words only establish a general-intent crime, not a specific-intent crime. We find nothing in the statute or the dog law suggesting that the Legislature intended to require "a particular criminal intent beyond the act done," as opposed to "merely the intent to do the physical act." *People v Nowack*, 462 Mich 392, 405-406; 614 NW2d 78 (2000) (quotation omitted).

In accordance with the statute, the trial court instructed the jury that the offense required a finding that defendant owned the dog in question and "allowed the dog to stray while not being properly held in leash." Defendant has not identified, and we cannot find, any additional *mens rea* requirement in the statute. Accordingly, defendant has not shown that the trial court plainly erred by failing to provide additional instructions regarding *mens rea*.

### III. SUFFICIENCY OF THE EVIDENCE

Defendant further argues that the prosecution failed to present sufficient evidence to support his convictions. We disagree.

### A. STANDARD OF REVIEW

"This Court reviews de novo [a] defendant's challenge to the sufficiency of the evidence." *People v Meissner*, 294 Mich App 438, 452; 812 NW2d 37 (2011). "This Court reviews the evidence in a light most favorable to the prosecutor to determine whether any trier of fact could find the essential elements of the crime were proven beyond a reasonable doubt." *People v Reese*, 491 Mich 127, 139; 815 NW2d 85 (2012) (quotation omitted). In reviewing the sufficiency of the evidence, this Court must not interfere with the jury's role as the trier of fact. *People v Hardiman*, 466 Mich 417, 431; 646 NW2d 158 (2002). Questions of law are reviewed de novo. *People v Lockett*, 295 Mich App 165, 174; 814 NW2d 295 (2012).

### B. ANALYSIS

In order to prove that defendant committed the charge of resisting or obstructing, the prosecutor had to demonstrate that defendant "assaulted, battered, wounded, resisted, obstructed, opposed, or endangered Rady, a sheriff's deputy." The prosecution was also required to show that defendant knew or had reason to know that the person he assaulted, battered, wounded, resisted, obstructed, opposed, or endangered was a sheriff's deputy performing her duties at the time; and lastly that Rady was acting lawfully in the performance of her duties at the time of the charged crime.

-5-

In his brief on appeal, defendant expressly disclaims any challenge to the first element. Furthermore, defendant implicitly concedes that he was aware that Rady was a law enforcement officer who technically was performing her duties, albeit allegedly illegally. We therefore need not discuss the ample evidence supporting the jury's verdict as to the first two elements of resisting or obstructing. As discussed, the gravamen of defendant's argument is that Rady was acting unlawfully at all times. As also discussed, defendant is incorrect in arguing that Rady was necessarily acting unlawfully *per se* by investigating the dog complaint and seizing an unowned or unlicensed dog. Whether Rady's specific conduct was actually proper turns significantly on an assessment of the relative credibilities of Rady, defendant, and the other witnesses. It is the jury's role to evaluate witnesses credibilities and resolve conflicts in the evidence. *Hardiman*, 466 Mich at 431; *Nichol v Billot*, 406 Mich 284, 301-302; 279 NW2d 761 (1979); *People v Howard*, 50 Mich 239, 242-243; 15 NW 101 (1883). The jury apparently chose to believe Rady, and we disagree with defendant's implicit contention that her testimony was so intrinsically improbable or impossible that we should interfere with the jury's role. See *People v Lemmon*, 456 Mich 625, 643-646; 576 NW2d 129 (1998).

Additionally, the evidence at trial supports the jury's conclusion that defendant was guilty of allowing his dog to run astray. Rady and other witnesses testified that the dog wore no license or tag, was not on a leash, and had run to the clinic where it chased patients outside the clinic. This testimony was further supported by a video that was played for the jury. Rady also testified that this was not the first report the department had received in regard to this dog. Moreover, unlike at the time of the offense, defendant openly claimed the dog as his during trial. This evidence was sufficient to support a conclusion that defendant owned the dog involved and that defendant allowed the dog to stray while not being properly held in leash. MCL 287.262.

## IV. INEFFECTIVE ASSISTANCE OF COUNSEL AND PROSECUTORIAL MISCONDUCT

Defendant argues that both the prosecuting attorney and defendant's standby counsel failed to ensure that the jury was instructed about whether Rady had the authority to take the dog, and this failure prejudiced defendant by depriving him of a fair trial. We disagree.

Defendant represented himself at trial, after the trial court properly established that defendant knowingly and intelligently waived his right to counsel. See *People v Williams*, 470 Mich 634, 641-647; 683 NW2d 597 (2004). To the extent defendant's own representation of himself proved ineffective, defendant has no recourse and simply must accept the consequences. *People v Kevorkian*, 248 Mich App 373, 419; 639 NW2d 291 (2001). Defendant asserts that his standby counsel was ineffective for failing to ensure that the jury was properly instructed. However, we have not been cited any point in the record where defendant turned his representation over to standby counsel, nor have we found any. A defendant is not entitled to "hybrid" or dual representation, and does not even have a true right to standby counsel, even if standby counsel is generally appointed. *Id*. at 419-427; *People v Hicks*, 259 Mich App 518, 526-527; 675 NW2d 599 (2003). Unless defendant foregoes his right to self-representation and turns his representation over to standby counsel, standby counsel is not actually defendant's attorney, and therefore is not providing any assistance that can be either effective or ineffective. *Kevorkian*, 248 Mich App at 424-427. In any event, as discussed above, the jury was properly instructed, so even if standby counsel could conceivably be ineffective, defendant has not

overcome the presumption that standby counsel's representation was effective. See *People v Mack*, 265 Mich App 122, 129; 695 NW2d 342 (2005).

"[T]he test for prosecutorial misconduct is whether a defendant was denied a fair and impartial trial." *People v Dobek*, 274 Mich App 58, 63; 732 NW2d 546 (2007). Defendant does not assert any specific instances of alleged misconduct by the prosecutor. Rather, defendant asserts that the prosecutor failed to comply with his duty to ensure a fair trial by failing to ensure the jury was instructed about whether Rady had the authority to take the dog. However, as discussed above, the jury was properly instructed on each of the required elements of the charged crimes. Further, because we conclude that Rady was acting lawfully in the performance of her duties, defendant cannot establish plain error by the prosecutor.

## V. SENTENCING CHALLENGES

We recognize that defendant has presented several challenges to his sentences. However, because defendant has already served his sentences in their entirety, we cannot grant any relief, so his sentencing challenges are moot. See *People v Rutherford*, 208 Mich App 198, 204; 526 NW2d 620 (1994). This Court will generally not substantively address issues that are moot. See *People v Richmond*, 486 Mich 29, 34-37; 782 NW2d 187 (2010). We therefore decline to address defendant's sentencing challenges.

Affirmed.

/s/ Colleen A. O'Brien
/s/ Amy Ronayne Krause
/s/ /Michael F. Gadola