*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
May 4, 2023

Plaintiff-Appellee,

v

No. 360013
Van Buren Circuit Court
JEREMY THOMAS THRASHER,

LC No. 2020-022406-FC

Defendant-Appellant.

Before: SHAPIRO, P.J., and REDFORD and YATES, JJ.

PER CURIAM.

Defendant, Jeremy Thrasher, appeals as of right his conviction by jury verdict on one count of unarmed robbery, MCL 750.530. The trial court sentenced defendant to serve 48 months to 15 years in prison. Subsequently, defendant moved for a new trial arguing that the trial court provided a deficient jury instruction and that his defense attorney was constitutionally ineffective for failing to object to the allegedly deficient instruction. The trial court denied the motion. Defendant now appeals, asking this Court to remand for a new trial. We affirm defendant's conviction.

## I. FACTUAL BACKGROUND

On November 27, 2019, defendant entered a Walmart store in Paw Paw, Michigan, with the intent to steal televisions. Defendant placed two televisions in a shopping cart and proceeded to push the cart toward the exit of the store. An employee saw defendant walking toward the exit of the store with the televisions still in security wrapping. Not realizing that defendant was trying to steal the televisions, the employee attempted to stop defendant to inform him that the security wrapping was still on the televisions. Despite hearing somebody tell him to stop, defendant kept walking toward the exit. The employee, who was trying to direct defendant to a cashier to get the security wrapping removed, grabbed defendant's shopping cart. As a result, the employee's hand became lodged in the holes of the shopping cart. Defendant walked faster, forcing the employee to run alongside the defendant's cart. Once outside the store, the employee was run into a cement pylon, resulting in a broken arm that required surgery. The incident was observed by store patrons, including a customer who saw defendant running with the shopping cart as the employee tried to approach defendant near the exit.

-1-

At the jury trial, the trial court gave the jury an instruction, M Crim JI 18.2, describing the elements of an unarmed robbery, including the use of force or violence. After the jury convicted defendant, defendant moved for a new trial on the ground that the court's jury instructions failed to properly instruct the jury on the *mens rea* for the force necessary to commit an unarmed robbery. The trial court ruled that the jury instructions accurately stated the law, so there was no plain error or ineffective assistance of counsel. The trial court memorialized that ruling in an order denying defendant's motion. This appeal now follows.

## II. LEGAL ANALYSIS

Defendant argues that the trial court's instructions to the jury were defective because they inadequately informed the jury about the intent necessary to establish the use-of-force element of unarmed robbery. Defendant insists that, in order to satisfy the use-of-force element for the crime of unarmed robbery, defendant's use of force against the victim must be targeted and intentional. Because the jury instructions given at trial did not identify any intent requirement for the use-of-force element of unarmed robbery, defendant contends that the jury instructions were insufficient. Alternatively, defendant argues that his defense counsel rendered ineffective assistance by failing to object to the instructions. We reject both claims.

A defendant who waives an instructional error cannot obtain appellate review. *People v Hall (On Remand)*, 256 Mich App 674, 679; 671 NW2d 545 (2003). In this case, defense counsel expressed satisfaction with the jury instructions, thereby waiving any instructional error on appeal. *People v Carter*, 462 Mich 206, 214-216; 612 NW2d 144 (2000). Therefore, the issue is waived, *id*., and our review is confined to defendant's claim of ineffective assistance of counsel.

Whether a defendant has been denied the effective assistance of counsel presents a mixed question of fact and law. *People v LeBlanc*, 465 Mich 575, 579; 640 NW2d 246 (2002). The trial court's factual findings are reviewed for clear error, whereas its constitutional determinations are reviewed de novo. *Id*. " 'Clear error exists when the reviewing court is left with the definite and firm conviction that a mistake has been made.' " *People v Anderson*, 284 Mich App 11, 13; 772 NW2d 792 (2009).

Michigan guarantees the right to have the assistance of counsel in a criminal proceeding. See Const 1963, art 1, § 20. " '[T]he right to counsel is the right to the effective assistance of counsel.' " *Strickland v Washington*, 466 US 668, 686; 104 S Ct 2052; 80 L Ed 2d 674 (1984). A defendant claiming ineffective assistance "must show that counsel's representation fell below an objective standard of reasonableness . . . under prevailing professional norms." *Id*. at 688. The defendant must also show that there was a reasonable probability that, but for counsel's error, the result of the proceedings would have been different. *Id*. at 694. Accordingly, if defense counsel provided deficient assistance and that deficient performance prejudiced the defendant at trial, the defendant is entitled to a new trial. *Id*. at 687. But there is a "strong presumption that counsel's performance was born from a sound trial strategy." *People v Trakhtenberg*, 493 Mich 38, 52; 826 NW2d 136 (2012). Also, "trial counsel cannot be faulted for failing to raise an objection or motion that would have been futile." *People v Fike*, 228 Mich App 178, 182; 577 NW2d 903 (1998).

In this case, defendant contends that his defense counsel was ineffective by failing to object to the instructions given to the jury. Pursuant to MCL 750.530(1), a "person who, in the course of

committing a larceny of any money or other property that may be the subject of larceny, uses force or violence against any person who is present, or who assaults or puts the person in fear, is guilty of a felony . . . ." Robbery is an offense for which the prosecution must establish that the defendant "intended to permanently deprive the owner of property." *People v King*, 210 Mich App 425, 428; 534 NW2d 534 (1995). According to M Crim JI 18.2, to prove that offense, the prosecutor must establish each of the following elements beyond a reasonable doubt:

> (2) First, the defendant [used force or violence against / assaulted / put in fear] [*state complainant's name*].

> (3) Second, the defendant did so while [he / she] was in the course of committing a larceny. A "larceny" is the taking and movement of someone else's property or money with the intent to take it away from that person permanently.

> "In the course of a larceny" includes acts that occur in an attempt to commit the larceny, or during commission of the larceny, or in flight after the commission of the larceny, or in an attempt to retain possession of the property or money.

> (4) Third, [*state complainant's name*] was present while defendant was in the course of committing the larceny.

Here, the trial court instructed the jury that, to convict defendant of unarmed robbery, the prosecutor had to prove the following elements beyond a reasonable doubt:

> First, that the defendant used force or violence against [store employee]. Second: The defendant did so while he was in the course of committing a larceny. A larceny is the taking or movement of someone else's property or money with the intent to take it away from that person permanently. In the course of a larceny includes acts that occur in an attempt to commit the larceny or during commission of the larceny or in flight after the commission of the larceny, or in an attempt to retain possession of the property. Third: [store employee] was present while defendant was in the course of committing the larceny.

Defendant contends that the jury should have been instructed that the use-of-force element of the crime could only be satisfied if defendant intentionally directed force at another person. Defendant therefore argues that defense counsel was ineffective for failing to object to a jury instruction that did not state that the force used must be intentional and targeted. This Court is tasked with deciding whether defense counsel's conduct in failing to object to the jury instruction fell below an objective standard of reasonableness. *Strickland*, 466 US at 688. We cannot conclude that defense counsel's conduct was unreasonable when he did not object to the use of the model jury instruction defining unarmed robbery. Indeed, the trial court's jury instruction was nearly a verbatim recitation of the model jury instruction and the statute proscribing the offense. See M Crim JI 18.2; MCL 750.530.

Significantly, the text of M Crim JI 18.2 is consonant with this Court's decision in *People v Passage*, 277 Mich App 175; 743 NW2d 746 (2007), where we addressed an unarmed-robbery conviction predicated upon a shoplifter's struggle with store employees. The defendant attempted to steal a car stereo from a Meijer store, but he was confronted by a store employee on his way out

the door.  The defendant argued "that the evidence presented showed that he was merely trying to evade capture by wrestling himself free, and not that he was directing any force or violence at any person outside of that context." *Id.* at 177-178.  But we rejected that challenge to the sufficiency of the evidence, holding that "the use of any force against a person during the course of committing a larceny, which includes the period of flight, is sufficient under the statute[,]" i.e., MCL 750.530. *Id.* at 178.  Here, as in *Passage*, the evidence showed that defendant used force to try to free himself from a store employee as he fled the store.  Moreover, the trial court's jury instruction that tracked M Crim JI 18.2 and the analysis in *Passage* properly explained the governing statute to the jurors. As a result, any objection defense counsel could have made to the jury instruction would have been both ineffectual and misplaced.  Accordingly, defendant's claim of ineffective assistance must fail. See *Strickland*, 466 US at 688.

Affirmed.

/s/ James Robert Redford
/s/ Christopher P. Yates