*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellee,

v

BRIAN THOMAS WEBB,

       Defendant-Appellant.

UNPUBLISHED
June 27, 2024

No. 365287
Charlevoix Circuit Court
LC No. 2022-038014-FC

Before: YATES, P.J., and BORRELLO and GARRETT, JJ.

PER CURIAM.

Defendant, Brian Thomas Webb, appeals of right his conviction for first-degree criminal sexual conduct (CSC-I). Defendant asserts that the trial court erred when it denied his request for a jury instruction on the lesser offense of second-degree criminal sexual conduct (CSC-II). Also, defendant contends that the trial court erred when it failed to give the jury a specific unanimity instruction. Finally, defendant argues that his minimum prison term of 120 months, which exceeds the applicable sentencing guidelines range by 24 months, is disproportionate. We affirm.

## I. FACTUAL BACKGROUND

In 1996, defendant and the victim attended an overnight youth event at Trinity Fellowship Church in Boyne City. The victim was a youth pastor in charge of the event, and defendant (who was then 17 years old) attended the event. The sexual assault occurred as the victim was sleeping in the church sanctuary with the girls. The victim was awakened when she felt someone touching her genitals. She opened her eyes and saw it was defendant. The touching started softly, but then it became "real intense" and was in the victim's labia majora. The victim tried to push defendant's hand away, but she felt like her body was "paralyzed." Eventually, defendant stopped and walked away. The next morning, the victim's genitals felt "swollen and raw." She went to the bathroom and had to pull her underwear out of her vagina because defendant "had forcibly put it so far up in there." The victim described the emotional trauma that the encounter with defendant caused. She said that she would panic when she saw defendant, that it caused her anxiety that she attempted to treat with counseling and medication, and that she eventually could not even drive by the church because it made her think about what happened.

The victim did not tell anyone what happened for 26 years. But in 2022, the victim was involved with a different church when the pastor of that church told her that defendant had sexually assaulted the pastor's granddaughter. This prompted the victim to tell the pastor that defendant had also sexually abused her. At the urging of the pastor, the victim then reported her experience to the police. Defendant was charged with CSC-I for the 1996 assault. The trial took place over two days in December 2022. During the trial, the jury heard testimony about the sexual assault of the pastor's granddaughter, although defendant did not face charges stemming from that assault in this case. At the conclusion of the trial, the jury convicted defendant of CSC-I as charged.

At defendant's sentencing hearing on January 20, 2023, the trial court acknowledged that the sentencing guidelines recommended a minimum sentence of 24 to 96 months' imprisonment. To compute that range, the trial court used the sentencing guidelines that were in effect when the offense was committed in 1996. The trial court emphasized the "devastating" psychological injury to the victim, but determined that that was accounted for in the sentencing guidelines scoring. The trial court concluded, however, that the old version of the sentencing guidelines did not take into account defendant's continuing pattern of sexual assaults. The trial court observed that, under the current version of the sentencing guidelines, defendant's offense variable score would have been higher because of that pattern. Thus, the trial court found that the applicable sentencing guidelines did not appropriately address defendant's conduct.

The trial court acknowledged defendant's acceptance of responsibility for other incidents of sexual misconduct as a positive factor, but the court determined that society had to be protected from defendant. The trial court also noted that defendant was 17 years old at the time of the crime and indicated that the sentence would have been longer if the offense had occurred when defendant was an adult. After weighing all those factors, the trial court sentenced defendant to serve 120 to 240 months in prison—a sentence 24 months above the guidelines range—with credit for 36 days served. Defendant now appeals.

II. LEGAL ANALYSIS

Defendant presents two challenges to his conviction based on the trial court's instructions to the jury. First, defendant claims that the trial court erred when it denied his request to instruct the jury on the lesser offense of CSC-II. Second, defendant argues that the trial court erred by not giving a specific unanimity instruction even though defendant did not ask for such an instruction. In the alternative, defendant contends that his defense counsel was ineffective for failing to request a specific unanimity instruction. Finally, defendant contests his sentence as disproportionate and specifically insists that the trial court failed to adequately justify a minimum prison term 24 months above the sentencing guidelines range. We will address each argument in turn.

A. LESSER OFFENSE INSTRUCTION

Defendant argues that the trial court erred in denying his request to instruct the jury on the lesser offense of CSC-II. As a general rule, "this Court reviews de novo claims of instructional error." *People v Spaulding*, 332 Mich App 638, 652; 957 NW2d 843 (2020) (quotation marks and alteration omitted). "Jury instructions must include all elements of the charged offense and must not exclude material issues, defenses, and theories if the evidence supports them." *Id*. at 653. If a defendant is charged with committing a crime "consisting of different degrees . . . the jury, or the

judge in a trial without a jury, may find the accused not guilty of the offense in the degree charged in the indictment and may find the accused person guilty of a degree of that offense inferior to that charged in the indictment, or of an attempt to commit that offense." MCL 768.32(1). "[T]he lesser included offense doctrine permits both the prosecution and the defendant to request that the jury be instructed on applicable lesser included offenses of the charged offense." *People v Burns*, 250 Mich App 436, 441; 647 NW2d 515 (2002).

But "whether a defendant is innocent or guilty of an uncontroverted time-barred offense is, per se, not submissible to a jury unless the defendant waives the defense" based on the statute of limitations. *Burns*, 250 Mich App at 442. Indeed, "to require a trial court to grant such a request regarding time-barred offenses would contravene the trial court's explicit duty to instruct the jury on the law applicable to the case." *Id*. at 441. Therefore, "unless a defendant waives a statute of limitations defense against time-barred offenses, the jury, or the judge in a bench trial, may not be permitted to consider whether a defendant should be acquitted or convicted of such offenses." *Id*. at 442. "[R]equiring that the jury be instructed on lesser included offenses for which the defendant may not be convicted . . . would simply introduce another type of distortion into the factfinding process." *Id*. at 443, quoting *Spaziano v Florida*, 468 US 447, 455-456; 104 S Ct 3154; 82 L Ed 2d 340 (1984).

Here, defendant was charged with CSC-I, and he requested a jury instruction on the lesser offense of CSC-II. Defendant asserted that a jury instruction on the lesser offense of CSC-II was appropriate because, from the testimony, it was unclear whether the touching involved penetration. The parties disagreed whether CSC-II was a necessarily included lesser offense or a cognate lesser offense of CSC-I. The trial court asserted that CSC-II was not a necessarily included offense. The trial court also noted that CSC-II was barred by the statute of limitations. The trial court said that the jury already had the option of returning a not-guilty verdict if they found that penetration had not been proven beyond a reasonable doubt. Therefore, the trial court denied defendant's request for a jury instruction on CSC-II.

Defendant undoubtedly could not be convicted of CSC-II because it was time-barred. See MCL 767.24(3)(a) (establishing a 10-year statutory limitations period for CSC-II). In contrast, a charge of CSC-I is never time-barred. MCL 767.204(1)(a). Because CSC-II was time-barred and there is no indication that defendant waived the statute of limitations defense, whether defendant was innocent or guilty of CSC-II was "per se, not submissible to a jury[.]" *Burns*, 250 Mich App at 442. If the jury had been instructed on CSC-II despite the fact that it was time-barred, it "would simply introduce another type of distortion into the factfinding process." *Id*. at 443.

Without citation to authority, defendant asserts that the fact that CSC-II was time-barred is no reason to deny defendant's request for a jury instruction on that lesser offense. But that position is directly contradicted by binding precedent. Because CSC-II was time-barred and nothing in the record suggested that defendant had waived the statute-of-limitation defense, the trial court was

precluded from instructing the jury on CSC-II. See *id*. at 442. Accordingly, the trial court did not err when it denied defendant's request for a jury instruction on CSC-II.[1]

## B. SPECIFIC UNANIMITY INSTRUCTION

Next, defendant asserts that the trial court erred when it did not instruct the jury on specific unanimity. Alternatively, defendant contends that his defense attorney was ineffective for failing to request such an instruction. We conclude that defendant waived any challenge to the unanimity instruction by explicitly approving of the instructions furnished to the jury. Beyond that, defense counsel was not ineffective for failing to request a specific unanimity instruction.

If a defendant does not object to a jury instruction at trial, this Court must consider whether the defendant has forfeited or waived the right to object to the jury instruction. *People v Hall*, 256 Mich App 674, 679; 671 NW2d 545 (2003). "Forfeiture" is the failure to make the timely assertion of a right. *Id*. "Waiver" is the intentional relinquishment or abandonment of a known right. *Id*. A defendant waives the right to object to a jury instruction by explicitly and repeatedly approving the instruction. *People v Kowalski*, 489 Mich 488, 503; 803 NW2d 200 (2011). When a defendant waives the right to object to a jury instruction, any error is extinguished, and the defendant cannot seek appellate review of a claimed deprivation of rights. *Hall*, 256 Mich App at 679.

Here, the trial court and the parties discussed the proposed jury instructions on the record. During this discussion, defense counsel did not request that the jury be given a specific unanimity instruction. After that discussion, defense counsel informed the trial court that he had no objection to the jury instructions. Again, after the trial court read the instructions to the jury, defense counsel told the trial court that he had no objection to the jury instructions. By expressly approving all the jury instructions, defendant waived that issue, so he may not seek appellate review. See *Hall*, 256 Mich App at 679; *Kowalski*, 489 Mich at 503. Accordingly, any error in the jury instructions is extinguished. See *Hall*, 256 Mich App at 679.

Even if defendant had not waived the issue, he has not established that he was entitled to a specific unanimity jury instruction. "A defendant has the right to a unanimous verdict and it is the duty of the trial court to properly instruct the jury on this unanimity requirement." *People v Martin*, 271 Mich App 280, 338; 721 NW2d 815 (2006). "Under most circumstances, a general instruction

---

[1] On appeal, defendant relies heavily on JUSTICE YOUNG's partial concurrence in *People v Nyx*, 479 Mich 112; 734 NW2d 548 (2007) (YOUNG, J., concurring), to support the contention that CSC-II is a necessarily lesser included offense of CSC-I, so the trial court erred in characterizing CSC-II as merely a cognate lesser offense. "Lesser offenses are divided into necessarily included lesser offenses and cognate lesser offenses." *Id*. at 118 n 13 (opinion of the Court). "An offense is considered a necessarily included lesser offense if it is impossible to commit the greater offense without first having committed the lesser offense." *Id*. A cognate lesser offense is one that shares elements with the charged offense but contains at least one element not found in the higher offense." *Id*. at 118 n 14. But this distinction is immaterial because the lesser offense at issue in this case was time-barred.

on the unanimity requirement will be adequate." *Id*. Such an instruction informs the jury that their verdict must be unanimous and each juror must agree on that verdict. M Crim JI 3.11(3).

But whenever the prosecution presents "evidence of multiple acts by a defendant, each of which would satisfy the *actus reus* element of a single charged offense, the trial court is required to instruct the jury that it must unanimously agree on the same specific act if the acts are materially distinct or if there is reason to believe the jurors may be confused or disagree about the factual basis of the defendant's guilt." *People v Cooks*, 446 Mich 503, 530; 521 NW2d 275 (1994). In contrast, if "a statute lists alternative means of committing an offense which in and of themselves do not constitute separate and distinct offenses, jury unanimity is not required with regard to the alternate theory." *People v Johnson*, 187 Mich App 621, 629-630; 468 NW2d 307 (1991). Thus, "cases in which more than one act is presented as evidence of the actus reus of a single criminal offense are analytically distinct from cases . . . in which defendant may be properly convicted on multiple theories that represent the same element of the offense." *People v Chelmicki*, 305 Mich App 58, 68; 850 NW2d 612 (2014) (quotation marks and citation omitted). The *Chelmicki* Court found no violation of the requirement that the jury be unanimous in its guilty verdict for unlawful imprisonment "if some jurors believed [defendant] restrained the victim by means of a weapon, and the rest of the jurors believed he restrained the victim in order to facilitate the commission of the felony of arson" because the alternative theories related to a single element of the offense and were "merely different ways of establishing that element." *Id*. at 68-69. If no specific unanimity instruction was required, "it necessarily follows that defendant's claim of ineffective assistance of counsel must fail because defense counsel is not required to make a meritless request or objection." *Id*. at 69.

Here, the trial court instructed the jury that there were two alternatives the prosecutor could prove to establish guilt. First, the prosecution could prove that defendant penetrated the victim's genital opening with his finger, that this caused personal injury to her, and that the victim was physically helpless at the time and defendant knew or should have known about her helplessness. Alternatively, the prosecution could prove that defendant penetrated the victim's genital opening with his finger, that this caused personal injury to her, and that defendant used force or coercion to accomplish the penetration. The trial court also instructed the jury that "[a] verdict in a criminal case must be unanimous" and, "[i]n order to return a verdict, it is necessary that each of you agrees on that verdict."

Defendant claims his trial counsel was ineffective for failing to request a specific unanimity instruction because the jury was given the option of convicting defendant because he penetrated a helpless victim, see MCL 750.520b(1)(g), or because he penetrated the victim by force or coercion, see MCL 750.520b(1)(f). This case involves two theories about a single element of the offense— whether the victim was helpless during the offense or defendant used force or coercion to commit the offense. This Court's opinion in *Chelmicki*, 305 Mich App 58, is directly on point. There, this Court held that the requirement of juror unanimity was not violated for the defendant's conviction of unlawful imprisonment even if some jurors believed he restrained the victim by using a weapon, contrary to MCL 750.349b(1)(a), and other jurors believed he restrained the victim to facilitate the commission of arson, contrary to MCL 750.349b(1)(c). See *Chelmicki*, 305 Mich App at 68-69. Likewise, defendant was properly convicted of CSC-I even if some jurors believed he penetrated a helpless victim, contrary to MCL 750.520b(1)(g), and the other jurors believed he penetrated the victim by force or coercion, contrary to MCL 750.520b(1)(f). *Chelmicki*, 305 Mich App at 68-69.

-5-

These alternative theories related to a single element of the crime and were "merely different ways of establishing that element." *Id*. at 68. Thus, a specific unanimity instruction was not appropriate. Because a specific unanimity instruction was inappropriate, defendant's argument that his attorney was ineffective for failing to request a specific unanimity instruction is unpersuasive, see *id*. at 69, so defendant is not entitled to a new trial for lack of a specific unanimity instruction.

## C. SENTENCE PROPORTIONALITY

Finally, defendant challenges his sentence by arguing that the 120-month minimum prison term, which exceeds the applicable sentencing guidelines range by 24 months, is disproportionate and inadequately justified by the trial court's comments at the sentencing hearing. We review de novo whether the trial court properly interpreted and applied the sentencing guidelines. *People v McGraw*, 484 Mich 120, 123; 771 NW2d 655 (2009). Whether a sentence is proportionate to the offense and the offender is subject to review for an abuse of discretion. *People v Steanhouse*, 500 Mich 453, 459-460; 902 NW2d 327 (2017). A trial court abuses its discretion by imposing a prison term that is disproportionate to the seriousness of the circumstances of the offense and the offender. *Id*. at 471-472.

If a trial court imposes a prison term exceeding the applicable sentencing guidelines range, we review the trial court's exercise of its sentencing discretion for reasonableness. *Id*. at 471. A sentence is reasonable when it is proportionate to the seriousness of the circumstances surrounding the offense and the offender. *People v Odom*, 327 Mich App 297, 315; 933 NW2d 719 (2019). "Because the guidelines embody the principle of proportionality and trial courts must consult them when sentencing," the guidelines range "continue[s] to serve as a 'useful tool' or 'guideposts' for effectively combating sentencing disparity." *People v Dixon-Bey*, 321 Mich App 490, 524-525; 909 NW2d 458 (2017). Therefore, relevant factors for determining whether a sentence above the guidelines range is more proportionate than a sentence within that range include (1) whether the guidelines accurately reflect the seriousness of the offense (2) factors that are not considered by the guidelines and (3) factors considered by the guidelines but given inadequate weight. *Id*. at 525. Sentencing courts do not have to articulate substantial and compelling reasons to impose a sentence above the guidelines range, but they do need to "continue to consult the applicable guidelines range and take it into account when imposing a sentence." *People v Lockridge*, 498 Mich 358, 391-392; 870 NW2d 502 (2015).

Here, the trial court found that the sentencing guidelines called for a minimum sentence of 24 to 96 months. The trial court sentenced defendant to serve a minimum term of 120 months, so the trial court was required to justify the choice of a prison term that exceeded the guidelines range by 24 months. The trial court explained that the governing sentencing guidelines did not account for defendant's pattern of sexual assaults. In reaching that conclusion, the trial court observed that it applied the sentencing guidelines that were in place at the time the crime was committed in 1996, and those guidelines did not provide scoring for the pattern of sexual assaults defendant committed. The trial court commented that if the current sentencing guidelines had been applied to defendant, his minimum sentence would have been higher because his pattern of sexual assaults would have resulted in a significant increase in his offense variable score.

Defendant faults the trial court for relying on the pattern of other sexual assaults as a basis for exceeding the applicable sentencing guidelines range, but this argument consists of little more

than the conclusory statement that the other sexual assaults were not adequate to justify a 24-month departure. As the trial court explained, however, the version of the sentencing guidelines used in this case did not account for the pattern of sexual assaults committed by defendant. Defendant has not offered any authority to suggest that the trial court could not consider the other acts in imposing sentence, and caselaw leaves no doubt that a sentencing court may consider uncharged conduct in fashioning a sentence. See *People v Beck*, 504 Mich 605, 626; 939 NW2d 213 (2019) ("When a jury has made no findings (as with uncharged conduct, for example), no constitutional impediment prevents a sentencing court from punishing the defendant as if he engaged in that conduct using a preponderance-of-the-evidence standard.").

Because defendant's pattern of sexual assaults was not taken into account by the sentencing guidelines, it may serve as a valid basis for exceeding the guidelines range. See *Dixon-Bey*, 321 Mich App at 525. On this record, the trial court did not abuse its discretion by imposing a sentence that was disproportionate to the offense and the offender because defendant's extensive history of sexual assaults demonstrated that the conduct of conviction was just one of multiple sexual assaults defendant committed. See *Steanhouse*, 500 Mich at 459-460, 471-472. The trial court provided a sufficient justification for the departure and the extent of that departure. In a manner that facilitated appellate review, the trial court explained that because of defendant's pattern of sexual assaults, a prison term that exceeded the sentencing guidelines by 24 months was more proportionate to the offender than a different sentence would have been. See *Lockridge*, 498 Mich at 392.

Defendant asserts that the trial court's justification for exceeding the guidelines range was inadequate because it relied on factors already taken into account by the guidelines. Specifically, defendant insists that the trial court relied, in part, on the severe mental trauma the victim suffered. The record refutes that claim. The trial court acknowledged that the guidelines did account for the serious psychological injury to the victim, so the trial court made clear that its sentence was based on the conclusion that the guidelines did not appropriately address the offense "by not taking into account the pattern of other sexual assaults that occurred." The trial court did not rely on suffering of the victim in choosing a sentence above the guidelines range, so the argument that the trial court improperly relied on victim suffering is unsustainable.

Affirmed.

/s/ Christopher P. Yates
/s/ Stephen L. Borrello
/s/ Kristina Robinson Garrett